FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2018 NOV 16 P 1: 50

CLERK'S OFFICE
AT GREENBELT
BY ___

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NATHAN S. PETWAY        *

Petitioner        *

v        *     Civil Action No. GJH-18-3413

WARDEN        *

Respondent        *

          ***

## MEMORANDUM OPINION

The above-captioned Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, was filed on November 2, 2018, and is the second such petition filed by Petitioner Nathan S. Petway in this Court. *See Petway v. Warden, FCI Cumberland, Md.*, Civil Action GJH-15-2112 (D. Md. 2015) ("*Petway I*"). As with his prior petition, Petway challenges his characterization as a career offender by the United States District Court for the District of North Carolina when his federal sentence was imposed. ECF No. 1-2 at p. 3. Although Petway provides much of the case history applicable to the claim asserted, the precise nature of the decisions issued by the both the North Carolina federal court and the Fourth Circuit Court of Appeals is not included. For the reasons set forth below, and in light of the prior decisions issued, the petition must be dismissed.

Petway was found guilty on three counts of a four count indictment and subsequently sentenced for conspiracy to commit armed bank robbery, armed bank robbery, and brandishing a firearm. ECF No. 1-2 at p. 1. The federal court in North Carolina sentenced him to serve 300 months incarceration. *Id*.

On November 27, 2007, Petway filed a Motion to Vacate pursuant to 28 U.S.C. §2255 in the Eastern District of North Carolina, raising among other claims that his status as a career

offender was improper. *Id.* at p. 2. The career offender claim was dismissed *sua sponte* by the North Carolina court and relief was denied as to the remaining claims on November 18, 2010. *Id.*

On December 11, 2011, Petway filed a second 2255 motion in the North Carolina court again asserting he was improperly sentenced as a career offender because he did not have two prior felony convictions in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). The North Carolina court dismissed the motion without prejudice as a second or successive motion having been filed without prior authorization from the Fourth Circuit. ECF No. 1-2 at p. 2. Petway did not file an appeal; rather, he filed a 2241 petition in this Court on July 17, 2015. *Id.*

After observing that the 2241 petition filed by Petway was not a challenge to the execution of his sentence; rather, it was a challenge to the validity of Petway's sentence which is more appropriately construed as a 2255 motion, this Court transferred the case to the United States District Court for the Eastern District of North Carolina. *See Petway I* at ECF No. 2. Although Petway maintains in this petition that the North Carolina court found that it was not the proper venue for the 2241 petition, that assertion is only partially correct. The North Carolina court first observed:

> Petitioner contends that two of his prior North Carolina state criminal convictions do not fall within the definition of a predicate offense under the Controlled Substance Act in light of the Fourth Circuit's decision in *Simmons*. Although petitioner filed his claim under 28 U.S.C. § 2241, he is in fact attacking the legality, rather than the execution of, his conviction and sentence. The legality of one's conviction and sentence must be challenged under 28 U.S.C. § 2255 unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; *see In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate" or "ineffective." *Id.* at 1194, n. 5.

2

*Petway v. Warden, FCI Cumberland, Md.*, No. 5:15-HC-2197-FL (E.D. N.C. 2017) at ECF No. 25. That court then observed that:

> The conduct to which petitioner pleaded guilty–armed bank robbery and related offenses–remains criminal. The savings clause does not apply to a prisoner who argues only his innocence of a sentencing factor. *See* 28 U.S.C. § 2255(h)(1); *Rouse v. Wilson*, No. 14-6715, 2014 WL 4823637, at n.* (4th Cir. 2014) ("The district court properly determined that Rouse could not proceed with his [challenge to his sentencing enhancement] under § 2241."); *Farrow v. Revell*, 541 F. App'x 327, 328 (4th Cir. 2013) (per curiam) (section 2255's savings clause "only preserves claims in which petitioner claims actual innocence of convictions and not just innocence of [a] sentencing factor"); *United States v. Poole*, 531 F.3d 263, 267, 267 n.7 (4th Cir. 2008). Thus, petitioner "cannot demonstrate that [section] 2255 is inadequate or ineffective to test the legality of his detention." *See Barnes v. Bragg*, No. 8:15-cv-2842-HMH-JDA, 2016 WL 4087360, at *4 (D.S.C. July 12, 2016) (finding the petitioner may not bring *Simmons* claim challenging his designation as a career offender in a § 2241 petition).

*Id.* Having concluded that the savings clause did not apply to Petway's 2241 petition, the North Carolina court declined to "convert" the petition to a 2255 motion because it would be second or successive. *Id.* The petition was then dismissed without prejudice.

Petway then sought authorization to file a second or successive 2255 motion in the Fourth Circuit. *See In Re Petway*, No. 16-9504 (4th Cir. 2016). In denying authorization the Fourth Circuit observed:

> Our review of the relevant materials convinces us that Petway fails to make the prima facie showing necessary to receive the requested authorization. *Johnson* does not call into question the use of Petway's controlled substance convictions as career offender predicates. Moreover, assuming that *Johnson* applies to the residual clause found at 18 U.S.C. § 924(c)(3)(B) (2012), Petway's conviction for armed bank robbery still qualifies as a crime of violence under the force clause, 18 U.S.C. § 924(c)(3)(A) (2012). *See* 28 U.S.C. § 2255(h); *United States v. McNeal*, 818 F.3d 141, 157 (4th Cir. 2016); *In re Vassell*, 751 F.3d 267, 269 (4th Cir. 2014). Therefore, we deny Petway's application for authorization.

*Id.* at Doc. 8, pp. 1-2.

In the petition now pending before this Court, Petway again asserts the savings clause entitles him to consideration of his claim under 28 U.S.C. §2241 and that 2255 is inadequate to test the legality of his sentence. ECF No. 1-2 at pp. 3-4. He further claims that he has a "Due Process right to challenge his sentence as a career offender" which was denied to him because no court has heard the merits of the issue. *Id.* at p. 4.

On the contrary, Petway's claim has been rejected by the Fourth Circuit Court of Appeals when it denied authorization for a successive 2255 motion. The Fourth Circuit recently iterated the standard for application of the savings clause to a 2241 petition challenging a sentence:

> [W]e conclude that § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). Notwithstanding whether Petway satisfies factors (1) through (3), the Fourth Circuit's observations regarding his sentencing claim when it denied Petway's application indicates that the alleged sentencing error is not a fundamental defect. "When Appellant never should have been subject to an increase in the first place, the error is grave." *Id.* at 430. In the Fourth Circuit's view, Petway was subject to an increase in his sentence based on several factors. *See In Re Petway*, No. 16-9504 (4th Cir. 2016) at Doc. 8.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U. S.C. § 2253(c)(2); *see Buck v. Davis*, 137 S.Ct. 759, 773 (February 22, 2017). The petitioner "must demonstrate that reasonable jurists

would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Because this Court finds that there has been no substantial showing of the denial of a constitutional right, a certificate of appealability shall be denied. *See* 28 U. S.C.§ 2253(c)(2). Petitioner may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one). The petition shall be dismissed by separate Order which follows.

11/16/2018
Date

GEORGE J. HAZEL
UNITED STATES DISTRICT JUDGE